**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JAMIE MCDOWELL,**

    **Plaintiff,**

**v.**                                         **CASE NO.: 3:05cv435/MCR/EMT**

**WAL-MART STORES, INC.,**

    **Defendant.**

_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT
AND
MOTION TO STRIKE**

    This case stems from an injury incurred by the plaintiff, Jamie McDowell, while on the premises of the defendant, Wal-Mart Stores, Inc., as a business invitee.  McDowell has brought a claim in tort against Wal-Mart, alleging that Wal-Mart was negligent in failing to maintain the exterior of the store in a reasonably safe condition; failing to warn of the alleged unreasonably dangerous condition; causing or allowing a hidden and/or latent defect and/or obstruction in an area in which McDowell and others might reasonably be expected to traverse; and failing to establish safe work practices and procedures for proper maintenance of the exterior of the building.  McDowell further alleges that this negligence was the proximate cause of her injury.

    Presently pending are defendant's Motion to Supplement Defendant's Motion for Summary Judgment (doc. 29); plaintiff's Amended Motion to Strike (doc. 28); and defendant's Supplemented Motion for Summary Judgment (docs. 19 and 29).  The court GRANTS defendant's Motion to Supplement Defendant's Motion for Summary Judgment.

Further, for the reasons that follow, the court DENIES plaintiff's Amended Motion to Strike the surveillance video and DENIES defendant's Motion for Summary Judgment.

**Background**

Plaintiff, Jamie McDowell, is a resident of Pensacola, Florida. She has often shopped at and is familiar with the Wal-Mart on Highway 29 in Pensacola. Due to her medical condition of osteogenesis imperfecta (brittle bone disease), McDowell most often uses a store motorized shopping scooter to perform her shopping. Afterwards, McDowell normally takes the scooter out of the store and to her car. McDowell's medical condition predisposes her to a broken bone in the event of a fall or other accident.

On or about April 16, 2005, McDowell was visiting her boyfriend in Alabama and decided to shop at the Wal-Mart store in Foley, Alabama around 10:00 p.m. As customary, she used a motorized scooter to perform her shopping. As she was leaving the store, she was instructed to exit a side door. Upon exiting the store, McDowell steered the scooter to the left in the direction of her boyfriend's car. As she continued in this direction, McDowell went off a curb separating the sidewalk from the parking lot. As a result, the scooter tipped over and McDowell fell, landing on her side on the asphalt parking lot. McDowell suffered a fractured right hip in connection with the fall. This lawsuit followed.

**DISCUSSION**

*Plaintiff's Amended Motion to Strike*

After the accident, Wal-Mart recovered the surveillance video taken at the time of the incident. This video showed McDowell exiting the store and veering towards the left. The accident itself, however, occurred outside the view of the camera. McDowell has filed an Amended Motion to Strike the video, arguing that the surveillance video of the event in question should be stricken because it has not been properly authenticated. In support, McDowell claims that Wal-Mart has come with forward no evidence indicating that the video is an accurate reproduction of the incident. Wal-Mart responds that the only reason authenticity has not been previously established is because McDowell has never (until now) raised a question regarding the authenticity of the video and never took the

opportunity to depose those who were in a position to verify the video's accuracy. Wal-Mart contends, in any event, that McDowell has accepted the video's authenticity by conceding in her deposition that, although the lighting is different, the video accurately portrayed the events prior to her fall. Wal-Mart also argues that McDowell has effectively waived her right to challenge the authenticity of the surveillance video by providing a copy of the video to her expert witness, who subsequently relied on the video in developing his opinion. Finally, Wal-Mart contends in the alternative that it should be allowed to supplement its motion for summary judgment with affidavits that address the authenticity of the video and establish its admissibility at trial.[1]

In order for the court to consider certain evidence on a motion for summary judgment, the evidence must be admissible at trial or capable of being presented in admissible form at trial. Fed. R. Civ. P. 56(e); Denney v. City of Albany, 247 F.3d 1172, 1189 n.10 (11th Cir. 2001). In this case, it is undisputed (based on the affidavits submitted by Wal-Mart) that (1) the surveillance video system truly and accurately portrays the events it records, (2) there was a complete chain of custody from the filming of the incident to its filing by Wal-Mart in this case, and (3) no material alterations or deletions were made to the video. See United States v. Duncan, 166 Fed.Appx. 464, 466 (11th Cir. 2006) (citing United States v. Biggins, 551 F.2d 64, 66 (5th Cir. 1977)); United States v. Taylor, 530 F.2d 639, 642 (5th Cir. 1976); United States v. Rembert, 863 F.2d 1023, 1028 (D.C. Cir. 1988). Further, McDowell has not addressed the fact that in her deposition she admitted that the video recording was an accurate representation of the events as they transpired nor the fact that she provided the video to her expert witness to use as the basis for his conclusions. Because these facts remain undisputed, the motion to strike must be denied.[2]

---

[1] Wal-Mart's motion to supplement its motion for summary judgment has been granted in this order and thus the affidavits will be considered in ruling on the amended motion to strike.

[2] The court notes that while McDowell questions the accuracy and legitimacy of the video, the only material question raised in her amended motion to strike is whether the lighting in the video is an accurate portrayal of the lighting on the night in question. This issue, however, does not affect the authenticity of the video, but rather its credibility as an accurate depiction of the lighting. The credibility of this evidence and its persuasive weight in relation to McDowell's testimony that the parking lot was dimly lit is a question of fact for the jury.

*Defendant's Motion for Summary Judgment*

In its motion for summary judgment, Wal-Mart argues it is entitled to judgment as a matter of law because either McDowell was contributorily negligent or the curb was an open and obvious danger and therefore her claim is barred. Wal-Mart argues McDowell's negligence is evident from the surveillance video showing that McDowell purposefully veered to the left from the exit way instead of using the proper route; that the lighting was adequate; and that McDowell was simply not paying attention. Wal-Mart argues further that McDowell must have had a conscious appreciation of the danger of the curb, as she was well aware of the curb having shopped at the store in the past and knew of the danger presented by riding a scooter over the curb. Thus, Wal-Mart argues that McDowell assumed the risk of accident by failing to exit the store by the designated exit way. Wal-Mart also argues that the curb itself was open and obvious and a reasonable person would have seen the curb and recognized its danger and thus Wal-Mart did not have a duty to warn McDowell of the potential danger presented by the curb.

McDowell argues in response that Wal-Mart has failed to establish, by the appropriate standard, that she had a conscious appreciation of the danger presented by the curb and purposefully assumed the risk of that danger. Further, McDowell argues that there is evidence indicating that the curb was not open and obvious, as the lighting and markings on the curb and exit way were insufficient to apprise invitees of a dangerous condition.[3]

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "The mere existence of *some* alleged factual dispute between the parties", however, "will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty

---

[3] McDowell argues additionally that the exit way did not conform to the requirements of the Americans with Disabilities Act Accessibility Guidelines (ADAAG).

Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986) (emphasis in original).  A dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  A fact is "material" if it may affect the outcome of the case under the applicable substantive law.  See id.

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the moving party's pleadings.  Instead, the nonmoving party must respond by affidavits or otherwise and present specific allegations showing that there is a genuine issue of disputed fact for trial.  Fed. R. Civ. P. 56(e).  When assessing the sufficiency of the evidence, the court must view all the evidence, and all factual inferences reasonably drawn therefrom, in the light most favorable to the nonmoving party.  See Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993).  Further, a reviewing court should not "make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110 (2000). A mere scintilla of evidence in support of the nonmoving party's position will not suffice to demonstrate a genuine issue of material fact and thereby preclude summary judgment. See Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the nonmoving party.

As to the first of its grounds for summary judgment, Wal-Mart concedes that contributory negligence is normally an issue for the jury. See Hannah v. Greg, Bland & Berry, Inc., 840 So.2d 839, 861 (Ala. 2002); F.W. Woolworth Co. v. Bradbury, 140 So.2d 824, 827 (Ala. 1962) ("The plaintiff's appreciation of the danger is, almost always, a question of fact for the determination of the jury.").  It argues, however, that a court can find contributory negligence as a matter of law if the facts are such that no reasonable jury could reach a contrary conclusion.  For this to happen, a defendant must establish the absence of all genuine issues of material fact and show, as a matter of law, that the plaintiff proximately contributed to the injury that he or she sustained.  Hannah, 840 So.2d at 861.  In doing so, a defendant must "establish by undisputed evidence" that the plaintiff

had a conscious appreciation of the danger at the moment of the accident and purposefully put themselves at risk of such an accident. Id. at 860-861 (citing H.R.H. Metals, Inc. v. Miller, 833 So.2d 18 (Ala. 2002) and Hicks v. Commercial Union Ins. Co., 652 So.2d 211, 219 (Ala. 1994)).

As to the second of Wal-Mart's grounds for summary judgment, that the obstacle was open and obvious, a defendant must establish that there are no issues of material fact and that as a matter of law, the danger was open and obvious such that the invitee on the premises was aware or should have been aware of the danger through the exercise of reasonable care. Douglass v. Devonshire Apartments, L.L.C., 833 So.2d 72, 74 (Ala. Civ. App. 2002); Landreau v. Wal-Mart Stores, Inc., 75 F.Supp.2d 1318, 1321-1322 (M.D. Ala. 1999). The determination of whether a danger is "obvious" depends on whether such danger would be apparent to and of the type recognized by a reasonable person in the position of the invitee. Douglass, 833 So.2d at 74. "The question of the openness and obviousness of a danger is generally not to be resolved on a motion for summary judgment." Id. (citing Harris v. Flagstar Enters., Inc., 685 So.2d 760, 762-763 (Ala. Civ. App. 1996); Harding v. Pierce Hardy Real Estate, 628 So.2d 461, 463 (Ala. 1993)).

In this case, Wal-Mart has failed to establish that there are no genuine issues of material fact on the grounds of either contributory negligence or open and obvious danger and thus summary judgment is inappropriate. Wal-Mart argues that because the "videotape clearly captures the circumstances and seconds immediately prior to Plaintiff's fall," "there is no real dispute as to how the incident happened." While there may be no issue of material fact concerning how the incident occurred, i.e. that McDowell's scooter tipped over when she veered off the curb, the parties continue to dispute the question of whether the exit McDowell used was adequately lit such that McDowell would have had a conscious appreciation of the danger at the moment the accident occurred or such that the curb would have been an open and obvious danger. Wal-Mart asserts that this is not an issue of material fact because the surveillance video clearly shows that the exit way was adequately illuminated. In her deposition, however, McDowell claims that the lighting shown in the videotape is actually much brighter than was the lighting in the parking lot at

the time of the accident. McDowell has also submitted a written declaration in which she disputes the lighting condition at the time of the accident, asserting that the "area on the sidewalk where the motorized scooter tipped over was dimly lit." Thus, because the question of whether the parking lot was adequately lit remains in dispute, summary judgment is not appropriate.[4] See Ex Parte Kraatz, 775 So.2d 801, 803 (Ala. 2000) ("Partial or poor light ... could mislead a reasonably prudent person into thinking that he or she would be able to see and to avoid any hazards.").

Accordingly, it is hereby ORDERED that;

1. Defendant's Motion to Supplement Defendant's Motion for Summary Judgement (doc. 29) is GRANTED;

2. Plaintiff's Amended Motion to Strike the surveillance video (doc. 28) is DENIED;

3. Defendant's Supplemented Motion for Summary Judgement (docs. 19 and 29) is DENIED.

**ORDERED** on this 4th day of December 2006.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[4] The court finds the two cases cited by Wal-Mart distinguishable. In both Landreau and Douglass, the evidence of plaintiff's appreciation of the danger presented was undisputed. Here, however, McDowell asserts that she could not tell that she was no longer on the ramp and could not distinguish where the curb ended and the parking lot began because of the dim lighting and the unclear markings on the edge of the curb. These facts readily distinguish this case from both Landreau and Douglass.

Case No.: 3:05cv435/MCR/EMT